IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBINETTE GRAVELY SMITH | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:22-cv-01336-PX |
| CARRINGTON MORTGAGE SERVICES, LLC TRUIST BANK, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION AND ORDER

Pending in this home mortgage dispute are Defendants' motions to dismiss. ECF Nos. 11 & 12. This Court has dismissed identical claims arising from the same mortgage dispute in two previous actions: *Smith v. SunTrust Mortgage, Inc.*, No. PX-19-3274, ECF No. 17 (D. Md. Aug. 4, 2020) (hereinafter "*Smith I*"); and *Smith v. SunTrust Mortgage, Inc./SunTrust Bank/Truist Bank*, No. 20-cv-2559-PX, ECF No. 9 (D. Md. Apr. 6. 2021) (hereinafter "*Smith II*"). For Plaintiff Robinette Gravely Smith, the third time is *not* the charm. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Because Smith's claims are barred by the doctrine of res judicata, the Court GRANTS the motions to dismiss.

The Court incorporates by reference the prior opinions and orders dismissing the previous Complaints with prejudice. *See Smith I*, ECF Nos. 16 & 17; *Smith II*, ECF No. 9. The relevant facts in all three actions are the same. Smith secured a mortgage loan on her home in Upper Marlboro, Maryland, in 2008. ECF No. 2 at 14. Smith maintains that she made $30,000 in mortgage payments in 2017, but that her 1098 Mortgage Interest Statement for that year reflected only $2,488.68 in payments. ECF No. 2 at 5, 7, 10-11. While the Complaint is difficult to understand, Smith appears to bring common law claims of negligence and fraud. *See* ECF No. 2

at 6-7, 17.[1]  Defendants argue that these claims are barred because they were raised in prior cases litigated to final judgment.  ECF Nos. 11-1 at 5-7; 12-2 at 6-8.  The Court agrees, and thus the Complaint is dismissed with prejudice.

Res judicata prevents parties from "relitigating an identical issue with the same party or his privy" after having had a full and fair opportunity initially to press their claims.  *Lauren Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-62 (4th Cir. 2008) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)).  Specifically, res judicata bars the later-filed action when: (1) there was a final judgment on the merits in a prior suit; (2) the claims in the new suit were or could have been brought in the original suit; and (3) the parties or their privies in both suits are identical.  *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (citing *Anne Arundel Cnty. Bd. of Educ. v. Norville*, 390 Md. 93, 106-07 (2005)); *see also Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).  Where the Complaint facts make clear that res judicata precludes subsequently filed claims, the issue is properly resolved at the motion-to-dismiss stage.  *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Turning to this matter, clearly *Smith I* and *Smith II* resulted in dismissals with prejudice, and so they constitute final judgments on the merits.  *See In re Tomlin*, 105 F.3d 933, 936-37 (4th Cir. 1997) ("[D]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." (internal quotation marks omitted)).  Second, the Complaint and the prior actions concern the same nucleus of operative facts, allege the same wrongdoing, and seek largely the same relief.  *See Laurel Sand & Gravel, Inc.*, 519 F.3d at 162.  Third, the parties are "identical" for purposes of res judicata.  Although Carrington, the new servicer on the mortgage loan, was not named as a

---

[1] Because Smith proceeds pro se, the Court reads the Complaint most charitably to her to allow for the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

defendant in *Smith I* or *Smith II*, it is in privity with SunTrust/Truist.[2] *See* ECF No. 15 at 1 ("Robinette Gravely Smith's mortgage was transferred from Truist to Defendant, Carrington Mortgage Services, LLC in December 2020."). Because all three res judicata elements are clearly met, this Complaint must be dismissed with prejudice.[3]

Accordingly, it is this 31st day of August 2022, by the United States District Court for the District of Maryland, ORDERED that:

1. The MOTION to Dismiss *Complaint* (ECF No. 11) filed by Defendant Truist Bank is GRANTED;

2. The MOTION to Dismiss for Failure to State a Claim (ECF No. 12) filed by Defendant Carrington Mortgage Services, LLC is GRANTED;

3. The Complaint is DISMISSED WITH PREJUDICE; and

4. The Clerk is DIRECTED to TRANSMIT copies of this Memorandum Opinion and Order to Defendants, to MAIL a copy of the same to Smith at her last known address, and to CLOSE this case.

8/31/2022
Date

/s/
Paula Xinis
United States District Judge

---

[2] "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortg. Group, Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000). It is well-established that subsequent loan servicers are in privity with prior loan servicers. *See, e.g.*, *Mitchell v. U.S. Bank Nat'l Ass'n as Tr. For Mastr Asset Backed Sec. Tr. 2005-FRE1*, No. TDC-19-2225, 2020 WL 3050739, at *6 (D. Md. June 8, 2020); *Blum v. Ocwen Loan Servicing, LLC*, No. JKB-17-1586, 2017 WL 7370974, at *1-2 (D. Md. Dec. 4, 2017).

[3] The Court declines to reach Defendants' alternative grounds for dismissal.